David H. Krieger, Esq.
Nevada Bar No. 9086
HAINES & KRIEGER, LLC
8985 S. Eastern Ave., Suite 350
Henderson, NV 89123
Phone: (702) 880-5554
FAX: (702) 385-5518
Email: dkrieger@hainesandkrieger.com

Attorney for Plaintiff
*JOE P. FRANCO*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| JOE P. FRANCO, <br><br> Plaintiff, <br><br> v. <br><br> PHOENIX FINANCIAL SERVICES LLC; GRANT & WEBER, INC; EQUIFAX INFORMATION SERVICES, LLC; TRANS UNION, LLC, <br><br> Defendants. | Civil Action No.: <br><br> **COMPLAINT FOR DAMAGES PURSUANT TO THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681, ET SEQ.** <br><br> **JURY TRIAL DEMANDED** |

### INTRODUCTION

1. The United States Congress has found the banking system is dependent upon fair and accurate credit reporting.  Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continued functioning of the banking system. Congress enacted the Fair Credit

Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"), to insure fair and accurate reporting, promote efficiency in the banking system, and protect consumer privacy.  The FCRA seeks to ensure consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other information on consumers.  The FCRA also imposes duties on the sources that provide credit information to credit reporting agencies, called "furnishers."

2. This action also arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA"), in Defendant's illegal efforts to collect a consumer debt.

3. JOE P. FRANCO ("Plaintiff"), by Plaintiff's attorneys, brings this action to challenge the actions of PHOENIX FINANCIAL SERVICES LLC ("PHOENIX"), GRANT & WEBER, INC ("G&W"), EQUIFAX INFORMATION SERVICES, LLC ("Equifax") and TRANS UNION, LLC ("TransUnion") (or jointly as "Defendants") with regard to erroneously reporting derogatory credit information to national reporting agencies.

4. Defendants failed to properly investigate Plaintiff's disputes, damaging Plaintiff's creditworthiness.

**JURISDICTION AND VENUE**

5. This Court has federal question jurisdiction because this case arises out of violation of federal law. 15 U.S.C. §1681 *et seq.*; 28 U.S.C. §1331; *Smith v. Community Lending, Inc.*, 773 F.Supp.2d 941, 946 (D. Nev. 2011).

6. This action arises out of each Defendant's violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681-1681(x) ("FCRA").

7. Venue is proper in the United States District Court for the District of Nevada pursuant to 28 U.S.C. § 1391(b) because Plaintiff is a resident of Clark County, the State of Nevada and because Defendants are subject to personal jurisdiction in the County of Clark, State of Nevada as they conduct business there. Venue is also proper because, the conduct giving rise to this action occurred in Nevada. 28 U.S.C. § 1391(b)(2). Further, Equifax has a registered agent of service in Nevada and is listed with the Nevada Secretary of State as a foreign limited liability company doing business in Nevada.

**PARTIES**

8. Plaintiff is a natural person residing in the County of Clark, State of Nevada. In addition, Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

9. Plaintiff is also a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

10. Defendant PHOENIX is a corporation doing business in the State of Nevada.

11. Defendant PHOENIX is a furnisher of information as contemplated by 15 U.S.C. § 1681s-2(b) that regularly and in the ordinary course of business furnishes information to a consumer credit reporting agency.

12. PHOENIX is doing business in the State of Nevada as a business entity and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

13. Defendant G&W is a corporation doing business in the State of Nevada.

14. Defendant G&W is a furnisher of information as contemplated by 15 U.S.C. § 1681s-2(b) that regularly and in the ordinary course of business furnishes information to a consumer credit reporting agency.

15. G&W is doing business in the State of Nevada as a business entity and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

16. Defendant Equifax regularly assembles and/or evaluates consumer credit information for the purpose of furnishing consumer reports to third parties, and uses interstate commerce to prepare and/or furnish the reports. Equifax is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f), doing business with its principal place of business in Georgia.

17. Defendant TransUnion regularly assembles and/or evaluates consumer credit information for the purpose of furnishing consumer reports to third parties, and uses interstate commerce to prepare and/or furnish the reports.

TransUnion is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f), doing business in Nevada.

18. Unless otherwise indicated, the use of Defendants' name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendants' named.

### GENERAL ALLEGATIONS

19. On or about 10/27/2009, Plaintiff filed for Chapter 7 Bankruptcy in the United States Bankruptcy Court for the District of Nevada. Plaintiff's case was assigned Case Number 09-30280-mkn (the "Chapter 7" or "Bankruptcy").

20. The obligations ("Debt") to each Defendant herein (as applicable) were scheduled in the Bankruptcy and each respective creditor-Defendant, or its predecessor in interest, received notice of the Bankruptcy.

21. None of the Defendants named herein filed any proceedings to declare their alleged debts "non-dischargeable" pursuant to 11 U.S.C. § 523 *et seq*.

22. None of the Defendants named herein obtained relief from the "automatic stay" codified at 11 U.S.C. §362 *et seq.* while the Plaintiff's Bankruptcy was pending to pursue the Plaintiff for any *personal* liability.

23. Accordingly, the debts to each Defendant named herein (as applicable) were discharged through the Bankruptcy on 2/01/2010.

24. Further, while the automatic stay was in effect during the Bankruptcy, it was illegal and inaccurate for any of the creditor-defendants to report any post-Bankruptcy derogatory collection information, which was inconsistent with the Orders entered by the Bankruptcy Court.

25. However, Defendants named herein, and each of them, either reported or caused to be reported inaccurate information after the Bankruptcy as discussed herein.

26. Defendant's reporting post-Bankruptcy derogatory information was inaccurate and misleading in that each Defendant continued reporting information based on Defendant's pre-bankruptcy contract terms with the Plaintiff, which were no longer enforceable upon the bankruptcy filing, thereby rendering the disputed information "inaccurate".

27. Additionally, Defendant's inaccurate reporting did not comply with the Consumer Data Industry Association's Metro 2 reporting standards, which provides guidance for credit reporting and FCRA compliance.

28. To help furnishers comply with their requirements under the FCRA, the Consumer Data Industry Association ("CDIA") publishes standard guidelines for reporting data called the "Metro 2 Format."

29. Notably, the payment history and account status guidelines are the same, meaning that the "payment history" and "account status" should be reported the same way both during and after a bankruptcy proceeding. *Id*.

30. The only difference in reporting a pre-discharged debt and a discharged debt is to delete the balance (or report a balance of $0). *Id.*

31. Indeed, the guidelines direct furnishers to report an account status as it existed at the time the bankruptcy petition was filed and not the account status as it *would have* existed in the months following the filing of the petition if the petition had not been filed. *Id*.

32. Courts rely on such guidance to determine furnisher liability. *See e.g. In re Helmes*, 336 B.R. 105, 107 (Bankr. E.D. Va. 2005) (finding that "industry standards require that a debt discharged in bankruptcy be reported to a credit reporting agency with the notation `Discharged in bankruptcy' and with a zero balance due").

33. Defendants did not conform to the Metro 2 Format when reporting on Plaintiff's accounts after the Plaintiff filed Bankruptcy as further set forth below. To this end, the adverse reporting on the Plaintiff's report departs from the credit industry's own reporting standards and was therefore inaccurate under the CDIA's standards as well.

## ALLEGATIONS APPLICABLE TO THE FDCPA

### a.  The PHOENIX Debt Account No. 8475

34. Plaintiff allegedly incurred a debt (the "Debt") to a St. Rose Dominican Hospital San Martin (the "Creditor").

35. As such, the Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

36. Plaintiff subsequently defaulted on the Debt, and Creditor transferred, assigned, or otherwise conveyed the Debt to PHOENIX for collection.

37. The debt resulted from Plaintiff being injured on the job, however, the Plaintiff's workman's compensation paid the debt in full.

38. PHOENIX attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### b.  PHOENIX Engages in Illegal Collection Tactics

39. In an Equifax credit report dated August 31, 2015, PHOENIX reported a balance owed to PHOENIX in the amount of $33 as of August 2015.  This was inaccurate, since the debt was paid in full by Plaintiff's worker's comp insurance.  PHOENIX also reported that the Plaintiff's "Date of 1st Delinquency" was November 2012, which was false and misleading, since the Debt was not owed at all being previously covered through workman's

compensation. Also, PHOENIX reported an account "status" as of August 2016 of "Unpaid" which was also false for the same reasons.

40. At the time PHOENIX reported the inaccurate information, the enforceable balance of the Debt was actually $0.

41. However, PHOENIX continued reporting an outstanding balance and other inaccurate information on the Debt in an attempt to collect the Debt. In fact, PHOENIX should have reported a balance of $0.

42. As a result of PHOENIX's illegal collection practices, the Plaintiff has suffered and continues to suffer actual damages as a result of PHOENIX's unlawful conduct.

43. As a direct consequence of PHOENIX's acts, practices and conduct, the Plaintiff suffered and continues to suffer from anger, anxiety, emotional distress, frustration, rage, and credit damage.

## c. **The PHOENIX Debt Account No. 8474**

44. Plaintiff allegedly incurred a debt (the "Debt") to a St. Rose Dominican Hospital San Martin (the "Creditor").

45. As such, the Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

46. Plaintiff subsequently defaulted on the Debt, and Creditor transferred, assigned, or otherwise conveyed the Debt to PHOENIX for collection.

47. The debt resulted from Plaintiff being injured on the job, however, workman's comp paid the debt in full.

48. PHOENIX attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

## d. PHOENIX Engages in Illegal Collection Tactics

49. In an Equifax credit report dated August 31, 2015, PHOENIX reported a balance owed to PHOENIX in the amount of $33 as of August 2015. This was inaccurate, since the debt was paid in full by Plaintiff's worker's comp insurance. PHOENIX also reported that the Plaintiff's "Date of 1st Delinquency" was November 2012. Also, PHOENIX reported an account "status" as of August 2015 of "Unpaid".

50. At the time PHOENIX reported the inaccurate information, the enforceable balance of the Debt was actually $0.

51. However, PHOENIX continued reporting an outstanding balance and other inaccurate information on the Debt in an attempt to collect the Debt. In fact, PHOENIX should have reported a balance of $0.

52. As a result of PHOENIX's illegal collection practices, the Plaintiff has suffered and continues to suffer actual damages as a result of PHOENIX's unlawful conduct.

53. As a direct consequence of PHOENIX's acts, practices and conduct, the Plaintiff suffered and continues to suffer from anger, anxiety, emotional distress, frustration, rage, and credit damage.

## e. __The G&W Debt Account No. 4145__

54. Plaintiff allegedly incurred a debt (the "Debt") to a St. Rose Dominican Hospital San Martin (the "Creditor").

55. As such, the Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

56. Plaintiff subsequently defaulted on the Debt, and Creditor transferred, assigned, or otherwise conveyed the Debt to G&W for collection.

57. The debt resulted from Plaintiff being injured on the job, however, workman's comp paid the debt in full.

58. G&W attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### f.  G&W Engages in Illegal Collection Tactics

59. In an Experian credit report dated August 13, 2015, G&W reported a balance owed to G&W in the amount of $321 as of November 2013. This was inaccurate, since the debt was paid in full by Plaintiff's worker's comp insurance. G&W also reported that the account was in "Collection" in November 2013. Also, G&W reported an account "status" of "Collection account. $321 past due as of Nov 2013".

60. In a TransUnion credit report dated January 13, 2016, G&W reported a balance owed to G&W in the amount of $321. This was inaccurate, since the debt was paid in full by Plaintiff's worker's comp insurance. G&W also reported a past due balance of $250. Also, G&W reported an account "status" of "In Collection".

61. At the time G&W reported the inaccurate information, the enforceable balance of the Debt was actually $0 since the debt was paid in full by Plaintiff's worker's comp insurance

62. However, G&W continued reporting an outstanding balance and other inaccurate information on the Debt in an attempt to collect the Debt. Specifically, G&W and Experian still inaccurately reported a balance owed to G&W in the amount of $321 as of April 2016. G&W and Experian also still inaccurately reported that the account was in "Collection" in November 2013

and April 2016. Also, G&W and Experian still inaccurately reported an account "status" of "Collection account. $321 past due as of Apr 2016".

63. In fact, G&W should have reported a balance of $0, since this debt was entirely covered through workman's compensation.

64. As a result of G&W's illegal collection practices, the Plaintiff has suffered and continues to suffer actual damages as a result of G&W's unlawful conduct.

65. As a direct consequence of G&W's acts, practices and conduct, the Plaintiff suffered and continues to suffer from anger, anxiety, emotional distress, frustration, rage, and credit damage.

## g. **The G&W Debt Account No. 4149**

66. Plaintiff allegedly incurred a debt (the "Debt") to a St. Rose Dominican Hospital San Martin (the "Creditor").

67. As such, the Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

68. Plaintiff subsequently defaulted on the Debt, and Creditor transferred, assigned, or otherwise conveyed the Debt to G&W for collection.

69. The debt resulted from Plaintiff being injured on the job, however, workman's comp paid the debt in full.

70. G&W attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

## h. G&W Engages in Illegal Collection Tactics

71. In an Experian credit report dated August 13, 2015, G&W reported a balance owed to G&W in the amount of $438 as of November 2013. This was inaccurate, since the debt was paid in full by Plaintiff's worker's comp insurance. G&W also reported that the account was in "Collection" in November 2013. Also, G&W reported an account "status" of "Collection account. $438 past due as of Nov 2013".

72. In a TransUnion credit report dated January 13, 2016, G&W reported a balance owed to G&W in the amount of $438. This was inaccurate, since the debt was paid in full by Plaintiff's worker's comp insurance. G&W also reported a past due balance of $438. Also, G&W reported an account "status" of "In Collection".

73. At the time G&W reported the inaccurate information, the enforceable balance of the Debt was actually $0 resulting from the Bankruptcy discharge.

74. However, G&W continued reporting an outstanding balance and other inaccurate information on the Debt in an attempt to collect the Debt. Specifically, G&W and Experian still inaccurately reported a balance owed to G&W in the amount of $321 as of April 2016. G&W and Experian also still

14

inaccurately reported that the account was in "Collection" in November 2013 and April 2016. Also, G&W and Experian still inaccurately reported an account "status" of "Collection account. $321 past due as of Apr 2016".

75. In fact, G&W should have reported a balance of $0.

76. As a result of G&W's illegal collection practices, the Plaintiff has suffered and continues to suffer actual damages as a result of G&W's unlawful conduct.

77. As a direct consequence of G&W's acts, practices and conduct, the Plaintiff suffered and continues to suffer from anger, anxiety, emotional distress, frustration, rage, and credit damage.

### i. The G&W Debt Account No. 6920

78. Plaintiff allegedly incurred a debt (the "Debt") to a St. Rose Dominican Hospital San Martin (the "Creditor").

79. As such, the Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

80. Plaintiff subsequently defaulted on the Debt, and Creditor transferred, assigned, or otherwise conveyed the Debt to G&W for collection.

81. The debt resulted from Plaintiff being injured on the job, however, workman's comp paid the debt in full.

82. G&W attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

## j. **G&W Engages in Illegal Collection Tactics**

83. In an Experian credit report dated August 13, 2015, G&W reported a balance owed to G&W in the amount of $250 as of December 2013. This was inaccurate, since the debt was paid in full by Plaintiff's worker's comp insurance. G&W also reported that the account was in "Collection" in December 2013. Also, G&W reported an account "status" of "Collection account. $438 past due as of Dec 2013".

84. In a TransUnion credit report dated January 13, 2016, G&W reported a balance owed to G&W in the amount of $250. This was inaccurate, since the debt was paid in full by Plaintiff's worker's comp insurance. G&W also reported a past due balance of $250. Also, G&W reported an account "status" of "In Collection".

85. At the time G&W reported the inaccurate information, the enforceable balance of the Debt was actually $0.

86. However, G&W continued reporting an outstanding balance and other inaccurate information on the Debt in an attempt to collect the Debt.  In fact, G&W should have reported a balance of $0.

87. As a result of G&W's illegal collection practices, the Plaintiff has suffered and continues to suffer actual damages as a result of G&W's unlawful conduct.

88. As a direct consequence of G&W's acts, practices and conduct, the Plaintiff suffered and continues to suffer from anger, anxiety, emotional distress, frustration, rage, and credit damage.

## k. **The G&W Debt Account No. 8275**

89. Plaintiff allegedly incurred a debt (the "Debt") to a St. Rose Dominican Hospital San Martin (the "Creditor").

90. As such, the Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

91. Plaintiff subsequently defaulted on the Debt, and Creditor transferred, assigned, or otherwise conveyed the Debt to G&W for collection.

92. The debt resulted from Plaintiff being injured on the job, however, workman's comp paid the debt in full.

93. G&W attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

///

///

## l.  **G&W Engages in Illegal Collection Tactics**

94. In an Experian credit report dated August 13, 2015, G&W reported a balance owed to G&W in the amount of $250 as of December 2013. This was inaccurate, since the debt was paid in full by Plaintiff's worker's comp insurance. G&W also reported that the account was in "Collection" in December 2013. Also, G&W reported an account "status" of "Collection account. $250 past due as of Dec 2013", which was false since there was debt to collect.

95. In a TransUnion credit report dated January 13, 2016, G&W reported a balance owed to G&W in the amount of $250. G&W also reported a past due balance of $250. Also, G&W reported an account "status" of "In Collection", which was false for similar reasons stated above.

96. At the time G&W reported the inaccurate information, the enforceable balance of the Debt was actually $0.

97. However, G&W continued reporting an outstanding balance and other inaccurate information on the Debt in an attempt to collect the Debt.  In fact, G&W should have reported a balance of $0.

98. As a result of G&W's illegal collection practices, the Plaintiff has suffered and continues to suffer actual damages as a result of G&W's unlawful conduct.

99. As a direct consequence of G&W's acts, practices and conduct, the Plaintiff suffered and continues to suffer from anger, anxiety, emotional distress, frustration, rage, and credit.

## THE EQUIFAX VIOLATIONS

### Equifax Failed to Investigate or Notify Furnisher of the Dispute

### MILITARY Account No. 0084

100.    In an Equifax credit report dated August 31, 2015, MILITARY reported the following inaccurate, derogatory information. Specifically, MILITARY inaccurately reported an account "status" of "30-59 Days Past Due".

101.    On or about March 30, 2016, Plaintiff disputed MILITARY's reported information regarding its reported obligation pursuant to 15 U.S.C. § 1681i(a)(2) by notifying Equifax, in writing, of the incorrect and inaccurate credit information furnished by MILITARY.

102.    Specifically, Plaintiff sent a letter, certified, return receipt, to Equifax (the "Equifax Dispute Letter"), requesting the above inaccurate and incorrect derogatory information be removed, corrected or deleted.

103.    The Equifax Dispute Letter further requested that Equifax:

• Immediately delete this account and the disputed derogatory information from my [Plaintiff's] credit report.

• The discharged debt should be reported with an account balance of $0 with a status of "current".

- Further, there should be no post-bankruptcy activity reported on this account. The date of last activity on this account should pre-date my bankruptcy filing date, 10/27/2009, since a default on this account occurred no later than the Bankruptcy filing date.

- Any post-bankruptcy derogatory information should be immediately deleted from my report.

- If you do not immediately delete this from my credit report, please include a 100-word statement in my credit report of all of the disputed information contained in this letter regarding this account.

104.     On or about April 15, 2016, Plaintiff received notification from Equifax through its "reinvestigation" (Equifax Report No. 6106051148); however, the reinvestigation report failed to address the dispute regarding the MILITARY account.

105.     Upon information and belief, Equifax did not notify MILITARY of Plaintiff's dispute and therefore MILITARY continued reporting derogatory information.

106.     Equifax was required to conduct a reinvestigation into this specific account on Plaintiff's consumer report pursuant to 15 U.S.C. §1681i.

107.     Equifax failed to conduct a reasonable investigation and wrongly verified inaccurate information in connection with Plaintiff's credit reports. *Id.*

108.     Upon information and belief, MILITARY and Equifax continue to report the inaccurate derogatory information on Plaintiff's

report.  Specifically, MILITARY and Equifax continue to inaccurately report an account "status" of "30-59 Days Past Due".

109.     The false and inaccurate information was and continues to be furnished by Defendants.

110.     Equifax, upon receipt of Plaintiff's dispute, failed to conduct an investigation with respect to the disputed information as required by 15 U.SC. § 1681i(a)(1)(A).

111.     Equifax failed to review all relevant information provided by Plaintiff in the dispute to Equifax, as required by and in violation of 15 U.SC. § 1681s-2(b)(1)(B) and § 1681i(a).

112.     Due to Equifax's failure to reasonably investigate Plaintiff's dispute, MILITARY and Equifax each further failed to correct and update Plaintiff's information as required by 15 U.S.C. § 1681s-2(b)(1)(E) and § 1681i(a), thereby causing continued reporting of inaccurate information in violation of 15 U.S.C. § 1681-s(2)(b)(1)(C) and § 1681i(a).

113.     Plaintiff's continued efforts to correct MILITARY's and Equifax's erroneous and negative reporting of the discharged debt by communicating Plaintiff's dispute with Equifax was fruitless.

114.     Equifax's continued inaccurate and negative reporting of the discharged debt in light of its knowledge of the actual error was willful.

115.     Equifax's inaccurate and negative reporting damaged Plaintiff's creditworthiness.

116.     By inaccurately reporting account information relating to the discharged debt after notice and confirmation of its errors, Equifax failed to take the appropriate measures as required under 15 U.S.C. §§ 1681-s(2)(b)(1)(D) and (E), § 1681i(a) and § 1681e(b).

## THE EXPERIAN REPORTS

### G&W Misreported Credit Information

### RE: Account No. 4145

117.     In an Experian credit report dated August 13, 2015, G&W inaccurately reported that the Plaintiff still owed an outstanding balance of $321 as of November 2013 even though the debt was paid in full by Plaintiff's worker's comp insurance. It was therefore inaccurate for G&W to report a balance any greater than $0 or anything about this tradeline whatsoever, since the Debt should never have been placed with G&W.

118.     G&W also inaccurately reported that the Plaintiff was "past due" in the amount of $321 as of November 2013.  Since the debt was paid in full by Plaintiff's worker's comp insurance, there was a $0 balance due at the time G&W reported the past due balance. Accordingly, reporting the past-due balance was inaccurate.

119.     G&W also reported that the Plaintiff's account was in "Collection" in November 2013.  This was inaccurate, since the debt was paid in full by Plaintiff's worker's comp insurance.

120.     G&W also reported the account "status" was "Collection account. $321 past due as of Nov 2013".  This was inaccurate, since the debt was paid in full by Plaintiff's worker's comp insurance.

121.     On or about March 30, 2016, pursuant to 15 U.S.C. § 1681i(a)(2), Plaintiff disputed G&W's reported information regarding its reported obligation by notifying Experian, in writing, of the incorrect and inaccurate credit information furnished by G&W.

122.     Specifically, Plaintiff sent a letter, certified, return receipt, to Experian (the "Experian Dispute Letter"), requesting the above inaccurate and incorrect derogatory information be removed, corrected or deleted.

123.     Upon receiving the Experian Dispute Letter, Experian timely notified G&W of the dispute based on its mandated statutory duty pursuant to 15 U.SC. § 1681i.

124.     Defendants were each required to conduct an investigation into this specific account on Plaintiff's consumer report pursuant to 15 U.S.C. §1681i.

125.     On or about April 14, 2016, Plaintiff received notification from Experian through its "reinvestigation" (Experian Report No. 3233-4931-90)

that G&W and Experian received notice of Plaintiff's dispute pursuant to 15 U.SC. § 1681i(a)(6), and verified the account as "Updated".

126.     G&W and Experian failed to conduct a reasonable investigation as required by 15 U.SC. § 1681s-2(b)(1)(A) and § 1681i(a) and wrongly verified inaccurate information in connection with Plaintiff's credit reports. *Id.*

127.     G&W and Experian failed to review all relevant information provided by Plaintiff in the dispute to Experian, as required by and in violation of 15 U.S.C. § 1681s-2(b)(1)(B) and § 1681i(a).

128.     G&W and Experian re-reported the inaccurate derogatory information on Plaintiff's report.  Specifically, G&W and Experian still inaccurately reported that the Plaintiff still owed an outstanding balance of $321 as of April 2016. G&W and Experian also still inaccurately reported that the Plaintiff was "past due" in the amount of $321 as of April 2016.  Also, G&W and Experian still inaccurately reported that the Plaintiff's account was in "Collection" in November 2013 and April 2016. Furthermore, G&W and Experian still inaccurately reported the account "status" was "Collection account. $321 past due as of Apr 2016" even though such reporting was patently false since no debt was owed to G&W.

129.    G&W and Experian, upon receipt of Plaintiff's dispute, failed to conduct an investigation with respect to the disputed information as required by 15 U.SC. § 1681s-2(b)(1)(A) and § 1681i(a).

130.    Due to G&W's and Experian's failure to reasonably investigate Plaintiff's dispute, they each further failed to correct and update Plaintiff's information as required by 15 U.S.C. § 1681s-2(b)(1)(E) and § 1681i(a), thereby causing continued reporting of inaccurate information in violation of 15 U.S.C. § 1681-s(2)(b)(1)(C) and § 1681i(a).

131.    Plaintiff's continued efforts to correct G&W's and Experian's erroneous and negative reporting by communicating Plaintiff's dispute with G&W and Experian were fruitless.

132.    G&W's and Experian's continued inaccurate and negative reporting in light of its knowledge of the actual error was willful.  Plaintiff is, accordingly, eligible for statutory damages.

133.    Also as a result of G&W's and Experian's continued inaccurate and negative reporting, Plaintiff has suffered actual damages, including without limitation credit denials, out-of-pocket expenses in challenging the Defendants' wrongful representations, damage to his creditworthiness, and emotional distress.

134.     By inaccurately reporting account information relating to the discharged debt after notice and confirmation of its errors, G&W and Experian failed to take the appropriate measures as required under 15 U.S.C. §§ 1681-s(2)(b)(1)(D) and (E), § 1681i(a) and § 1681e(b).

## G&W Misreported Credit Information

## RE: Account No. 4149

135.     In an Experian credit report dated August 13, 2015, (as with the above account) G&W inaccurately reported that the Plaintiff still owed an outstanding balance of $438 as of November 2013 even though the debt was paid in full by Plaintiff's worker's comp insurance. It was therefore inaccurate for G&W to report a balance any greater than $0.

136.     G&W also inaccurately reported that the Plaintiff was "past due" in the amount of $438 as of November 2013.  Since the debt was paid in full by Plaintiff's worker's comp insurance, there was a $0 balance due at the time G&W reported the past due balance. Accordingly, reporting the past-due balance was inaccurate.

137.     G&W also reported that the Plaintiff's account was in "Collection" in November 2013.  This was inaccurate, since the debt was paid in full by Plaintiff's worker's comp insurance.

138.     G&W also reported the account "status" was "Collection account. $438 past due as of Nov 2013".  This was inaccurate, since the debt was paid in full by Plaintiff's worker's comp insurance.

139.     On or about March 30, 2016, pursuant to 15 U.S.C. § 1681i(a)(2), Plaintiff disputed G&W's reported information regarding its reported obligation by notifying Experian, in writing, of the incorrect and inaccurate credit information furnished by G&W.

140.     Specifically, Plaintiff sent a letter, certified, return receipt, to Experian (the "Experian Dispute Letter"), requesting the above inaccurate and incorrect derogatory information be removed, corrected or deleted.

141.     Upon receiving the Experian Dispute Letter, Experian timely notified G&W of the dispute based on its mandated statutory duty pursuant to 15 U.SC. § 1681i.

142.     Defendants were each required to conduct an investigation into this specific account on Plaintiff's consumer report pursuant to 15 U.S.C. §1681i.

143.     On or about April 14, 2016, Plaintiff received notification from Experian through its "reinvestigation" (Experian Report No. 3233-4931-90) that G&W and Experian received notice of Plaintiff's dispute pursuant to 15 U.SC. § 1681i(a)(6), and verified the account as "Updated".

144.     G&W and Experian failed to conduct a reasonable investigation as required by 15 U.SC. § 1681s-2(b)(1)(A) and § 1681i(a) and wrongly verified inaccurate information in connection with Plaintiff's credit reports.

145.     G&W and Experian failed to review all relevant information provided by Plaintiff in the dispute to Experian, as required by and in violation of 15 U.S.C. § 1681s-2(b)(1)(B) and § 1681i(a).

146.     G&W and Experian re-reported the inaccurate derogatory information on Plaintiff's report.  Specifically, G&W and Experian still inaccurately reported that the Plaintiff still owed an outstanding balance of $438 as of April 2016. G&W and Experian also still inaccurately reported that the Plaintiff was "past due" in the amount of $438 as of April 2016.  Also, G&W and Experian still inaccurately reported that the Plaintiff's account was in "Collection" in November 2013 and April 2016. Furthermore, G&W and Experian still inaccurately reported the account "status" was "Collection account. $438 past due as of Apr 2016".

147.     G&W and Experian, upon receipt of Plaintiff's dispute, failed to conduct an investigation with respect to the disputed information as required by 15 U.SC. § 1681s-2(b)(1)(A) and § 1681i(a).

148.     Due to G&W's and Experian's failure to reasonably investigate Plaintiff's dispute, they each further failed to correct and update Plaintiff's

information as required by 15 U.S.C. § 1681s-2(b)(1)(E) and § 1681i(a), thereby causing continued reporting of inaccurate information in violation of 15 U.S.C. § 1681-s(2)(b)(1)(C) and § 1681i(a).

149.     Plaintiff's continued efforts to correct G&W's and Experian's erroneous and negative reporting by communicating Plaintiff's dispute with G&W and Experian were fruitless.

150.     G&W's and Experian's continued inaccurate and negative reporting light of its knowledge of the actual error was willful. Plaintiff is, accordingly, eligible for statutory damages.

151.     Also as a result of G&W's and Experian's continued inaccurate and negative reporting, Plaintiff has suffered actual damages, including without limitation credit denials, out-of-pocket expenses in challenging the Defendants' wrongful representations, damage to his creditworthiness, and emotional distress.

152.     By inaccurately reporting account information relating to the discharged debt after notice and confirmation of its errors, G&W and Experian failed to take the appropriate measures as required under 15 U.S.C. §§ 1681-s(2)(b)(1)(D) and (E), § 1681i(a) and § 1681e(b).

///

///

# THE TRANSUNION VIOLATIONS

## TransUnion Failed to Investigate or Notify Furnisher of the Dispute

## G&W Account No. 5010

153.     In a TransUnion credit report dated January 13, 2016, G&W reported the following inaccurate, derogatory information. Specifically, G&W inaccurately reported a balance of $250. G&W also inaccurately reported a past due balance of $250. Also, G&W inaccurately reported an account "status" of "In Collection".

154.     On or about March 30, 2016, Plaintiff disputed G&W's reported information regarding its reported obligation pursuant to 15 U.S.C. § 1681i(a)(2) by notifying TransUnion, in writing, of the incorrect and inaccurate credit information furnished by G&W.

155.     Specifically, Plaintiff sent a letter, certified, return receipt, to TransUnion (the "TransUnion Dispute Letter"), requesting the above inaccurate and incorrect derogatory information be removed, corrected or deleted.

156.     The TransUnion Dispute Letter further requested that TransUnion:

- Immediately delete this account and the disputed derogatory information from my [Plaintiff's] credit report.

- The discharged debt should be reported with an account balance of $0 with a status of "current".

- Further, there should be no post-bankruptcy activity reported on this account. The date of last activity on this account should pre-date my bankruptcy filing date, 10/27/2009, since a default on this account occurred no later than the Bankruptcy filing date.

- Any post-bankruptcy derogatory information should be immediately deleted from my report.

- If you do not immediately delete this from my credit report, please include a 100-word statement in my credit report of all of the disputed information contained in this letter regarding this account.

157.    On or about April 7, 2016, Plaintiff received notification from TransUnion through its "reinvestigation" (TransUnion Report No. 335189052); however, the reinvestigation report failed to address the dispute regarding the G&W account.

158.    Upon information and belief, TransUnion did not notify G&W of Plaintiff's dispute and therefore G&W continued reporting derogatory information.

159.    TransUnion was required to conduct a reinvestigation into this specific account on Plaintiff's consumer report pursuant to 15 U.S.C. §1681i.

160.    TransUnion failed to conduct a reasonable investigation and wrongly verified inaccurate information in connection with Plaintiff's credit reports. *Id.*

161.    Upon information and belief, G&W and TransUnion continue to report the inaccurate derogatory information on Plaintiff's report. Specifically,

G&W and TransUnion continue to inaccurately report a balance of $250, a past due balance of $250, and an account "status" of "In Collection".

162.     The false and inaccurate information was and continues to be furnished by Defendants.

163.     TransUnion, upon receipt of Plaintiff's dispute, failed to conduct an investigation with respect to the disputed information as required by 15 U.SC. § 1681i(a)(1)(A).

164.     TransUnion failed to review all relevant information provided by Plaintiff in the dispute to TransUnion, as required by and in violation of 15 U.SC. § 1681s-2(b)(1)(B) and § 1681i(a).

165.     Due to TransUnion's failure to reasonably investigate Plaintiff's dispute, G&W and TransUnion each further failed to correct and update Plaintiff's information as required by 15 U.S.C. § 1681s-2(b)(1)(E) and § 1681i(a), thereby causing continued reporting of inaccurate information in violation of 15 U.S.C. § 1681-s(2)(b)(1)(C) and § 1681i(a).

166.     Plaintiff's continued efforts to correct G&W's and TransUnion's erroneous and negative reporting of the discharged debt by communicating Plaintiff's dispute with TransUnion was fruitless.

167.     TransUnion's continued inaccurate and negative reporting of the discharged debt in light of its knowledge of the actual error was willful.

168.     TransUnion's inaccurate and negative reporting damaged Plaintiff's creditworthiness.

169.     By inaccurately reporting account information relating to the discharged debt after notice and confirmation of its errors, TransUnion failed to take the appropriate measures as required under 15 U.S.C. §§ 1681-s(2)(b)(1)(D) and (E), § 1681i(a) and § 1681e(b).

## TransUnion Failed to Investigate or Notify Furnisher of the Dispute

## G&W Account No. 5010

170.     In a TransUnion credit report dated January 13, 2016, G&W reported the following inaccurate, derogatory information. Specifically, G&W inaccurately reported a balance of $250. G&W also inaccurately reported a past due balance of $250. Also, G&W inaccurately reported an account "status" of "In Collection".

171.     On or about March 30, 2016, Plaintiff disputed G&W's reported information regarding its reported obligation pursuant to 15 U.S.C. § 1681i(a)(2) by notifying TransUnion, in writing, of the incorrect and inaccurate credit information furnished by G&W.

172.     Specifically, Plaintiff sent a letter, certified, return receipt, to TransUnion (the "TransUnion Dispute Letter"), requesting the above

inaccurate and incorrect derogatory information be removed, corrected or deleted.

173.     The TransUnion Dispute Letter further requested that TransUnion:

- Immediately delete this account and the disputed derogatory information from my [Plaintiff's] credit report.

- The discharged debt should be reported with an account balance of $0 with a status of "current".

- Further, there should be no post-bankruptcy activity reported on this account. The date of last activity on this account should pre-date my bankruptcy filing date, 10/27/2009, since a default on this account occurred no later than the Bankruptcy filing date.

- Any post-bankruptcy derogatory information should be immediately deleted from my report.

- If you do not immediately delete this from my credit report, please include a 100-word statement in my credit report of all of the disputed information contained in this letter regarding this account.

174.     On or about April 7, 2016, Plaintiff received notification from TransUnion through its "reinvestigation" (TransUnion Report No. 335189052); however, the reinvestigation report failed to address the dispute regarding the G&W account.

175.     Upon information and belief, TransUnion did not notify G&W of Plaintiff's dispute and therefore G&W continued reporting derogatory information.

176.     TransUnion was required to conduct a reinvestigation into this specific account on Plaintiff's consumer report pursuant to 15 U.S.C. §1681i.

177.     TransUnion failed to conduct a reasonable investigation and wrongly verified inaccurate information in connection with Plaintiff's credit reports.

178.     Upon information and belief, G&W and TransUnion continue to report the inaccurate derogatory information on Plaintiff's report.  Specifically, G&W and TransUnion continue to inaccurately report a balance of $250, a past due balance of $250, and an account "status" of "In Collection".

179.     The false and inaccurate information was and continues to be furnished by Defendants.

180.     TransUnion, upon receipt of Plaintiff's dispute, failed to conduct an investigation with respect to the disputed information as required by 15 U.SC. § 1681i(a)(1)(A).

181.     TransUnion failed to review all relevant information provided by Plaintiff in the dispute to TransUnion, as required by and in violation of 15 U.SC. § 1681s-2(b)(1)(B) and § 1681i(a).

182.     Due to TransUnion's failure to reasonably investigate Plaintiff's dispute, G&W and TransUnion each further failed to correct and update Plaintiff's information as required by 15 U.S.C. § 1681s-2(b)(1)(E) and §

1681i(a), thereby causing continued reporting of inaccurate information in violation of 15 U.S.C. § 1681-s(2)(b)(1)(C) and § 1681i(a).

183.   Plaintiff's continued efforts to correct G&W's and TransUnion's erroneous and negative reporting of the discharged debt by communicating Plaintiff's dispute with TransUnion was fruitless.

184.   TransUnion's continued inaccurate and negative reporting of the discharged debt in light of its knowledge of the actual error was willful.

185.   TransUnion's inaccurate and negative reporting damaged Plaintiff's creditworthiness.

186.   By inaccurately reporting account information relating to the discharged debt after notice and confirmation of its errors, TransUnion failed to take the appropriate measures as required under 15 U.S.C. §§ 1681-s(2)(b)(1)(D) and (E), § 1681i(a) and § 1681e(b).

**TransUnion Failed to Investigate or Notify Furnisher of the Dispute**

**G&W Account No. 5003**

187.   In a TransUnion credit report dated January 13, 2016, G&W reported the following inaccurate, derogatory information. Specifically, G&W inaccurately reported a balance of $321. G&W also inaccurately reported a past due balance of $321. Also, G&W inaccurately reported an account "status" of "In Collection".

188.     On or about March 30, 2016, Plaintiff disputed G&W's reported information regarding its reported obligation pursuant to 15 U.S.C. § 1681i(a)(2) by notifying TransUnion, in writing, of the incorrect and inaccurate credit information furnished by G&W.

189.     Specifically, Plaintiff sent a letter, certified, return receipt, to TransUnion (the "TransUnion Dispute Letter"), requesting the above inaccurate and incorrect derogatory information be removed, corrected or deleted.

190.     The TransUnion Dispute Letter further requested that TransUnion:

- Immediately delete this account and the disputed derogatory information from my [Plaintiff's] credit report.

- The discharged debt should be reported with an account balance of $0 with a status of "current".

- Further, there should be no post-bankruptcy activity reported on this account. The date of last activity on this account should pre-date my bankruptcy filing date, 10/27/2009, since a default on this account occurred no later than the Bankruptcy filing date.

- Any post-bankruptcy derogatory information should be immediately deleted from my report.

- If you do not immediately delete this from my credit report, please include a 100-word statement in my credit report of all of the disputed information contained in this letter regarding this account.

191.     On or about April 7, 2016, Plaintiff received notification from TransUnion through its "reinvestigation" (TransUnion Report No.

335189052); however, the reinvestigation report failed to address the dispute regarding the G&W account.

192.     Upon information and belief, TransUnion did not notify G&W of Plaintiff's dispute and therefore G&W continued reporting derogatory information.

193.     TransUnion was required to conduct a reinvestigation into this specific account on Plaintiff's consumer report pursuant to 15 U.S.C. §1681i.

194.     TransUnion failed to conduct a reasonable investigation and wrongly verified inaccurate information in connection with Plaintiff's credit reports. *Id.*

195.     Upon information and belief, G&W and TransUnion continue to report the inaccurate derogatory information on Plaintiff's report.  Specifically, G&W and TransUnion continue to inaccurately report a balance of $321, a past due balance of $321, and an account "status" of "In Collection".

196.     The false and inaccurate information was and continues to be furnished by Defendants.

197.     TransUnion, upon receipt of Plaintiff's dispute, failed to conduct an investigation with respect to the disputed information as required by 15 U.SC. § 1681i(a)(1)(A).

198.     TransUnion failed to review all relevant information provided by Plaintiff in the dispute to TransUnion, as required by and in violation of 15 U.SC. § 1681s-2(b)(1)(B) and § 1681i(a).

199.     Due to TransUnion's failure to reasonably investigate Plaintiff's dispute, G&W and TransUnion each further failed to correct and update Plaintiff's information as required by 15 U.S.C. § 1681s-2(b)(1)(E) and § 1681i(a), thereby causing continued reporting of inaccurate information in violation of 15 U.S.C. § 1681-s(2)(b)(1)(C) and § 1681i(a).

200.     Plaintiff's continued efforts to correct G&W's and TransUnion's erroneous and negative reporting of the discharged debt by communicating Plaintiff's dispute with TransUnion was fruitless.

201.     TransUnion's continued inaccurate and negative reporting of the discharged debt in light of its knowledge of the actual error was willful.

202.     TransUnion's inaccurate and negative reporting damaged Plaintiff's creditworthiness.

203.     By inaccurately reporting account information relating to the discharged debt after notice and confirmation of its errors, TransUnion failed to take the appropriate measures as required under 15 U.S.C. §§ 1681-s(2)(b)(1)(D) and (E), § 1681i(a) and § 1681e(b).

///

**TransUnion Failed to Investigate or Notify Furnisher of the Dispute**

**G&W Account No. 5003**

204.     In a TransUnion credit report dated January 13, 2016, G&W inaccurately reported a balance of $438. G&W also inaccurately reported a past due balance of $438. Also, G&W inaccurately reported an account "status" of "In Collection".

205.     On or about March 30, 2016, Plaintiff disputed G&W's reported information regarding its reported obligation pursuant to 15 U.S.C. § 1681i(a)(2) by notifying TransUnion, in writing, of the incorrect and inaccurate credit information furnished by G&W.

206.     Specifically, Plaintiff sent a letter, certified, return receipt, to TransUnion (the "TransUnion Dispute Letter"), requesting the above inaccurate and incorrect derogatory information be removed, corrected or deleted.

207.     The TransUnion Dispute Letter further requested that TransUnion:

- Immediately delete this account and the disputed derogatory information from my [Plaintiff's] credit report.

- The discharged debt should be reported with an account balance of $0 with a status of "current".

- Further, there should be no post-bankruptcy activity reported on this account. The date of last activity on this account should pre-date my bankruptcy filing date, 10/27/2009, since a default on this account occurred no later than the Bankruptcy filing date.

- Any post-bankruptcy derogatory information should be immediately deleted from my report.

- If you do not immediately delete this from my credit report, please include a 100-word statement in my credit report of all of the disputed information contained in this letter regarding this account.

208. On or about April 7, 2016, Plaintiff received notification from TransUnion through its "reinvestigation" (TransUnion Report No. 335189052); however, the reinvestigation report failed to address the dispute regarding the G&W account.

209. Upon information and belief, TransUnion did not notify G&W of Plaintiff's dispute and therefore G&W continued reporting derogatory information.

210. TransUnion was required to conduct a reinvestigation into this specific account on Plaintiff's consumer report pursuant to 15 U.S.C. §1681i.

211. TransUnion failed to conduct a reasonable investigation and wrongly verified inaccurate information in connection with Plaintiff's credit reports.

212. Upon information and belief, G&W and TransUnion continue to report the inaccurate derogatory information on Plaintiff's report. Specifically, G&W and TransUnion continue to inaccurately report a balance of $438, a past due balance of $438, and an account "status" of "In Collection".

213.    The false and inaccurate information was and continues to be furnished by Defendants.

214.    TransUnion, upon receipt of Plaintiff's dispute, failed to conduct an investigation with respect to the disputed information as required by 15 U.SC. § 1681i(a)(1)(A).

215.    TransUnion failed to review all relevant information provided by Plaintiff in the dispute to TransUnion, as required by and in violation of 15 U.SC. § 1681s-2(b)(1)(B) and § 1681i(a).

216.    Due to TransUnion's failure to reasonably investigate Plaintiff's dispute, G&W and TransUnion each further failed to correct and update Plaintiff's information as required by 15 U.S.C. § 1681s-2(b)(1)(E) and § 1681i(a), thereby causing continued reporting of inaccurate information in violation of 15 U.S.C. § 1681-s(2)(b)(1)(C) and § 1681i(a).

217.    Plaintiff's continued efforts to correct G&W's and TransUnion's erroneous and negative reporting of the discharged debt by communicating Plaintiff's dispute with TransUnion was fruitless.

218.    TransUnion's continued inaccurate and negative reporting of the discharged debt in light of its knowledge of the actual error was willful.

219.    TransUnion's inaccurate and negative reporting damaged Plaintiff's creditworthiness.

220.     By inaccurately reporting account information relating to the discharged debt after notice and confirmation of its errors, TransUnion failed to take the appropriate measures as required under 15 U.S.C. §§ 1681-s(2)(b)(1)(D) and (E), § 1681i(a) and § 1681e(b).

### FIRST CAUSE OF ACTION
### VIOLATION OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681 *ET SEQ*. (FCRA)

221.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

222.     The foregoing acts and omissions constitute numerous and multiple willful, reckless or negligent violations of the FCRA, including but not limited to each and every one of the above-cited provisions of the FCRA, 15 U.S.C. §1681.

223.     As a result of each and every willful violation of the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(1); statutory damages pursuant to 15 U.S.C. § 1681n(a)(1); punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a)(3) from Defendants.

224.     As a result of each and every negligent noncompliance of the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15

U.S.C. § 1681o(a)(1); and reasonable attorney's fees and costs pursuant to 15

U.S.C. § 1681o(a)(2) from Defendants.

## SECOND CAUSE OF ACTION
### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 *ET SEQ*. (FDCPA)
### (ONLY AS TO DEFENDANT PHOENIX AND G&W)

225.     The Plaintiff incorporates by reference all of the above paragraphs of

this Complaint as though fully stated herein.

226.     PHOENIX's and G&W's conduct violated 15 U.S.C. § 1692e(2) in that

PHOENIX and G&W misrepresented the amount of the Debt owed by

Plaintiff and attempted to have Plaintiff pay more than the Debt owed to

Creditor.  Specifically, by reporting the Plaintiff owed an outstanding balance

and other inaccurate information on the Debt when in fact the Debt was

unenforceable and the balance owed was $0.

227.     PHOENIX's and G&W's conduct violated 15 U.S.C. § 1692e(8) in that

PHOENIX and G&W communicated or threatened to communicate false

credit information in an attempt to collect a debt.  Specifically, by reporting

the Plaintiff owed an outstanding balance and other inaccurate information on

the Debt when in fact the Debt was unenforceable.

228.     The foregoing acts and omissions of PHOENIX and G&W constitute

numerous and multiple violations of the FDCPA, including every one of the

above-cited provisions.

229.     The Plaintiff is entitled to damages as a result of PHOENIX's and G&W's violations.

230.     The Plaintiff has been required to retain the undersigned as counsel to protect the Plaintiff's legal rights to prosecute this cause of action, and is therefore entitled to an award or reasonable attorneys' fees plus costs incurred.

### PRAYER FOR RELIEF

Plaintiff respectfully requests the Court grant Plaintiff the following relief against Defendants, as appropriate, as follows, as applicable to each Defendant:

- an award of actual damages pursuant to 15 U.S.C. § 1681n(a)(1);

- award of statutory damages pursuant to 15 U.S.C. § 1681n(a)(1);

- an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

- award of statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(A);

- an award of punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2);

- award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1681n(a)(3), and 15 U.S.C. § 1681(o)(a)(1) against Defendant for each incident of negligent noncompliance of the FCRA;

- award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. §1692k(a)(2)(A) for PHOENIX's and G&W's violations; and

- any other relief the Court may deem just and proper.

## TRIAL BY JURY

231.     Pursuant to the seventh amendment to the Constitution of the United

States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: January 12, 2017

Respectfully submitted,

By  /s/ David H. Krieger, Esq.

David H. Krieger, Esq.
Nevada Bar No. 9086
HAINES & KRIEGER, LLC
8985 S. Eastern Ave., Suite 350
Henderson, NV 89123
Phone: (702) 880-5554
FAX: (702) 385-5518
Email: dkrieger@hainesandkrieger.com
Attorney for Plaintiff